```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PETER CHUN NAM YEUNG, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil No. 11-5966 (JBS/JS) |
| v. | |
| LINDA SANDERS, | **MEMORANDUM OPINION** |
| Respondent. | |

APPEARANCES:

Mr. Peter Chun Nam Yeung
F.C.I. Lompoc
3600 Guard Road
Lompoc, CA 93436-2705
    Petitioner Pro Se

Steven J. D'Aguanno, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
    Attorney for the Respondent Linda Sanders

**SIMANDLE**, Chief Judge:

   This matter is before the Court upon Petitioner Peter Chun Nam Yeung's motion challenging the recharacterization of his petition as a § 2255 motion [Docket Item 16]. The Court finds as follows:

   1. On March 23, 2011, Petitioner Peter Chun Yeung ("Petitioner"), a prisoner confined at the Federal Correctional Institution at Lompoc, California, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the Central

District of California.  Petitioner was convicted before the undersigned in the District of New Jersey of a conspiracy to smuggle cigarettes into the United States, traffic in goods bearing counterfeit marks, and traffic in contraband cigarettes in violation of 18 U.S.C. §§ 371, 545, 2320(a), and 2342(a); and (2) trafficking in goods bearing counterfeit marks, in violation of 18 U.S.C. § 2320(a).

2.  The Petitioner appealed his conviction and sentence and on March 29, 2010, the Third Circuit affirmed Petitioner's conviction.  The Petitioner then filed the instant action on March 23, 2011.  [Docket Item 12.]  In his petition, the Petitioner asserted that he is actually innocent; the sentencing court failed to make necessary findings of fact under sentencing guidelines; the sentence imposed violates the Eighth Amendment; and the process of determining relevant conduct in federal sentencing is fundamentally unfair to defendants.

3.  In an order dated October 12, 2011, the Central District of California recharacterized Petitioner's motion as a § 2255 motion.  That Court reasoned that each of the Petitioner's claims amounts to an attack on the validity of either his conviction or sentence, but not the execution of his sentence.  Therefore, the Court held that the Petitioner's motion should have been brought under § 2255.

Consequently, the Court advised the Petitioner of the potential adverse consequences of recharacterization and the Petitioner declined to elect either of the two following options: (1) consenting to the recharacterization; or (2) withdrawing his motion.  Since the Petitioner was unresponsive, the Court subsequently recharacterized his petition and transferred the case from the Central District of California to the District of New Jersey, as the District of New Jersey was the sentencing court.  [Docket Item 12.]

    4.   Approximately three months later, the Petitioner filed the instant motion to challenge the recharacterization of his original 2241 motion, and he seeks to transfer the matter back to the Central District of California.  [Docket Item 16.]  The government filed opposition.  [Docket Item 17.]

    5.   The Petitioner's motion is in essence a motion for reconsideration of the Court's October 12, 2011 order.  Therefore, Local Civil Rule 7.1(i) governs the court's analysis.

    6.   Local Civil Rule 7.1(i) provides that a motion for reconsideration "shall be served and filed within 14 days after the entry of the order or judgment" unless otherwise provided by statute or rule. L. Civ. R. 7.1(i).  Rule 7.1(i) requires the moving party to set forth the factual matters or

controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving

4

party's burden." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

6.  First, the Petitioner's motion is untimely.  The Petitioner did not file his motion challenging the recharacterization of his petition until approximately three months after the Court's October 12, 2011 Order.  This is well beyond the prescribed fourteen (14) day time period.  In his moving papers, the Petitioner sets forth no reasons to explain his delay or show good cause why his motion should be considered despite his extremely belated filing.

7.  In addition, the Petitioner's motion lacks merit.  The Petitioner does not argue in his motion for reconsideration that there has been an intervening change in the law or that there is new evidence available which was not available when the court recharacterized his petition as a § 2255 motion.  Nor has the Petitioner shown that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001). Instead, the Petitioner merely expresses disagreement with the Court's decision.  This is not a sufficient basis for reconsideration.  G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  The petition before the Court clearly attacks the validity of his conviction and the imposition of his federal

sentence on multiple grounds, for which § 2255 and not § 2241 is the sole procedural remedy.  Nor has Petitioner demonstrated that § 2255 is "inadequate or ineffective" for challenging the alleged defects in his sentence.  These reasons were clearly set forth at length in Judge Klausner's Memorandum Opinion in the Central District of California [Docket Item 12].  Third Circuit precedent is in accord.  <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002); <u>In re Dorsainvil</u>, 119 F.3d 245, 252 (3d Cir. 1997).

    8.  For the reasons set forth above, the Petitioner's motion challenging the recharacterization of his petition will be denied.  The accompanying Order will be entered.


**March 26, 2012**            **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                               Chief U.S. District Judge